## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| N. JONAS AND CO., INC.  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>BROTHERS POOL ENTERPRISES, INC.  )<br>and JOHN MORGILLO, SR.,  )<br>  )<br>   Defendants.  )<br>_____)  | Civil Action No. 3:22-cv-01097 (JBA)<br><br><br><br>September 6, 2022 |

### PLAINTIFF'S APPLICATION FOR PREJUDGMENT REMEDY

To the United States District Court for the District of Connecticut:

Pursuant to Rule 64 of the Federal Rule of Civil Procedure, Local Rule 4(c) of the Local Civil Rules of this Court and Section 52-278a, *et seq.* of the Connecticut General Statutes, Plaintiff, N. Jonas and Co., Inc. ("N. Jonas" or "Plaintiff"), respectfully submits this Application for Prejudgment Remedy against Defendants, Brothers Pool Enterprises, Inc. ("Brothers") and its President and owner, John Morgillo, Sr. ("Morgillo"), and in support thereof, represents as follows:

1.  A prejudgment remedy, available to this Court through Federal Rule of Civil Procedure 64, is "any remedy or combination of remedies that enables a person by way of attachment, foreign attachment, garnishment or replevin to deprive the defendant in a civil action of, or affect the use, possession or enjoyment by such defendant of, his property prior to final judgment ...." Conn. Gen. Stat. § 52-278a(d); *see*, *e.g.*, *Benton v. Simpson*, 78 Conn.App. 746, 751-52 (2003) (prejudgment remedy permits a plaintiff "to have property of the defendant held in the custody of the law pending adjudication of the merits of [the] action") (citations and internal

quotations omitted). Its sole purpose is "to secure the satisfaction of a judgment should the plaintiff prevail." *Lafarge Building Materials, Inc. v. A. Aiudi & Sons, LLC*, 3:15 CV 1203(JBA)(JGM), 2015 WL 6551796, at *4 (D. Conn. Oct. 29, 2015) (citation and internal quotations omitted); *see Roberts v. TriPlanet Partners, LLC*, 950 F.Supp.2d 418, 420 (D. Conn. 2013) (same).

  2. To grant an application for prejudgment remedy, this Court needs to find "probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." *TES Franchising, LLC v. Feldman*, 286 Conn. 132, 137 (2008) (citations and internal quotations omitted). Probable cause is defined as "a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a [person] of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." *Id.*, 286 Conn. at 137 (citation and internal quotations omitted); *see*, *e.g.*, *Roberts*, 950 F.Supp.2d at 421 (same); *Qualitative Reasoning Systems, Inc. v. Computer Sciences Corp.*, No. 3:98-cv-554 (AWT), 2000 WL 852127, at *10 (D. Conn. Mar. 31, 2000) (same). Probable cause is a "flexible common sense standard" that does not require that "a belief be correct or more likely true than false," *TES Franchising*, 286 Conn. at 137 (citation and internal quotations omitted), and "is less demanding than ... a preponderance of the evidence or even a likelihood of success." *Cendant Corp. v. Shelton*, No. 3:06-cv-854 (JCH), 2007 WL 1245310, at *3 (D. Conn. April 30, 2007) (citation omitted); *Lafarge*, 2015 WL 6551796, at *4 (same); *SEI Fuel Services, Inc. v. A&J Gas and Convenience, LLC*, No. 3:18-cv-1553 (AWT)(RAR), 2019 WL 6828431, at *2 (D. Conn. Dec.

13, 2019) (similar). In keeping with this modest showing, the plaintiff "does not have to prove its case ..., but [only] ... that there is probable cause to sustain the validity of the claim." *Walpole Woodworkers, Inc. v. Atlas Fencing, Inc.*, 218 F.Supp.2d 247, 249 (D. Conn. 2002) (citation omitted).

3. By its August 30, 2022 Verified Complaint [ECF no. 1] (the "Complaint"), N. Jonas commenced this action asserting, *inter alia*, (i) breach of contract arising from Brothers' failure to pay for goods ordered and delivered and (ii) breach of Morgillo's personal guaranty to pay for those purchases in the event Brothers did not. *See* Complaint, ¶¶15-21, 31-35.

4. On or about June 15, 2021, Brothers placed an order with N. Jonas for the purchase and delivery of pool-related chemicals, and on December 6, 2021, the chemicals were delivered to Brothers. *See* Verified Complaint, ¶¶8-9; September 2, 2022 Affidavit of William Dallas ("Dallas Aff."), ¶¶6-7 (filed herewith). Invoice no. 67012, the amount of $13,590.00, reflects this purchase. *See* Dallas Aff, ¶7, and Exhibit B thereto.

5. On or about January 20, 2002, Brothers placed another order with N. Jonas, which was delivered to Brothers on March 11, 2022. *See* Verified Complaint, ¶¶10-11; Dallas Aff., ¶¶8-9. Invoice no. 68772, in the amount of $92,620.33, reflects this purchase. *See* Dallas Aff, ¶9, and Exhibit C thereto.

6. Brothers' act of placing orders for the pool chemicals from N. Jonas created an enforceable contract. *See* Conn. Gen. Stat. § 42a-2-204(1) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties ...."). Upon its acceptance of the goods from N. Jonas, Brothers only remaining obligation was to "pay in accordance with the contract." Conn. Gen. Stat. §§ 42a-2-301; 42a-2-607(1).

7.      Despite demand, Brothers has not paid for either order.  *See* Verified Complaint, ¶¶12-14; Dallas Aff., ¶¶10-11.  These facts support N. Jonas' action for breach of contract.  *See* Conn. Gen. Stat. § 42a-2-709(1) ("When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under section 42a-2-710, the price (a) of goods accepted ...").  Together with accrued interest and incidental damages, Brothers is liable to N. Jonas for at least $113,700.

8.      In addition to the foregoing, Morgillo, Brothers' President and majority owner, personally guaranteed payment to N. Jonas for all purchases made by Brothers.  *See* Verified Complaint, ¶7; Dallas Aff., ¶5, and Exhibit A thereto.  By virtue of the Guaranty, N. Jonas has a separate and independent claim against Morgillo as guarantor.  *See*, *e.g.*, *Wachovia Bank, N.A. v. Cummings*, No. 3:09-cv-0957 (SRU), 2010 WL 466160, at *8-*9 (D. Conn. Feb. 8, 2010); *Lafarge*, 2015 WL 6551796, at *6.  Therefore, Morgillo is personally liable to N. Jonas for at least $113,700.

9.      Based on the facts presented in the Verified Complaint and the Affidavit of William Dallas, there is probable cause that a judgment will be rendered in this matter against either Defendant in an amount equal to or greater than the prejudgment remedy sought, taking into account any known defenses, counterclaims, or set-offs.

10.     Accordingly, based on the foregoing and in order to secure a future judgment in its favor, N. Jonas seeks an Order from this Court directing that a prejudgment remedy be granted to secure the sum of $113,700.00, as well as other allowable recoverable costs, including prejudgment interest at the statutory rate of 10% pursuant to Conn. Gen. Stat. § 37-3a for the wrongful detention of money after it has become due and payable, or such other sum(s) as the

Court directs:

      A.     To attach sufficient property of Defendants, Brothers and Morgillo, or either, as is now known or may hereafter be discovered pursuant to Defendants' compliance with the accompanying Motion for Disclosure of Assets;

      B.     To garnish, or otherwise encumber, sufficient identifiable property, bank accounts, accounts receivable, deposits, assets, goods, debts or other such property of Defendants, Brothers or Morgillo, or either, as is now known or may hereafter be discovered pursuant to Defendants' compliance with the accompanying Motion for Disclosure of Assets; and

      C.     Any other relief that the Court deems just and proper.

WHEREFORE, for the reasons stated herein, as well as the other referenced submissions and all other evidence considered by the Court, Plaintiff respectfully requests that the Court grant this Application in its entirety.

Respectfully submitted,

/s/ Patrick A. Klingman
Patrick A. Klingman (ct 17813)
KLINGMAN LAW, LLC
280 Trumbull Street Floor 21
Hartford, CT  06103
(860) 256-6120
*pak@klingmanlaw.com*

Attorneys for Plaintiff, N. Jonas and Co., Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2022, a copy of the foregoing Application, together with supporting Affidavit and referenced exhibits, proposed Orders and Notice of Rights were filed electronically.  Parties may access this filing through the Court's CM/ECF System.  Notice of this filing will be sent by U.S. mail, postage prepaid, to the addresses below:

      Brothers Pool Enterprises, Inc.
      c/o John Morgillo, President
      250 Main Street
      Yalesville, CT  06492

      John Morgillo, Sr.
      c/o Craig C. Fishbein
      Fishbein Law Firm, LLC
      100 South Main Street, P.O. Box 363
      Wallingford, CT  06492

      Brothers Pool Enterprises, Inc.
      c/o Michael J. Ajello
      The Ajello Law Firm, LLC
      127 Washington Ave., Bldg. East
      North Haven, CT  06473

      /s/  Patrick A. Klingman
      Patrick A. Klingman (ct17813)